**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.NY/M

★ NOV 24 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
:
DWIGHT S.B. DUNAWAY,                           :
:
                              Petitioner,      :     **MEMORANDUM**
            - against -                        :     **DECISION AND ORDER**
:
                                               :     10 Civ. 4699  (BMC)
EXECUTIVE DIVISION OF PAROLE and               ::
NYPD (69th and 73rd Precinct),                 :
:
                              Respondents.     :
:
-------------------------------------------------------- X

        Petitioner, appearing *pro se*, brought the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is dismissed as time-

barred.

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year

limitation period for filing a state prisoner's federal habeas corpus petition, "running from 'the

date on which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review.'" Day v. McDonough, 547 U.S. 198, 201, 126 S. Ct. 1675

(2006) (quoting 28 U.S.C. § 2244(d)(1)(A)). The one-year clock will stop, however, during the

time a petitioner's "properly filed" application for state post-conviction relief is pending. 28

U.S.C. § 2244(d)(2).

        Based on the information contained in the instant petition, the one-year statute of

limitations appears to have expired years ago. His July 7, 2000 conviction was affirmed on

December 24, 2001 by the Second Department, Appellate Division. Petitioner has also filed two

motions under N.Y. Crim. Proc. Law §440.10 to vacate his judgment, which were denied in August 2003 and July 2004, and the time to seek leave to appeal those judgments has expired.

Under certain circumstances, the one year period within which to file the federal habeas petition can be equitably tolled. As a general matter, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079 (2007) (internal quotation marks omitted). The AEDPA limitations period will only be tolled in "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999)).

Thus, this Court provided petitioner with an opportunity to show cause as to why his petition should not be dismissed as time-barred. He has failed to respond.

Accordingly, petitioner's habeas petition is dismissed as time-barred. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
      November 24, 2010